IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH E. FLEEGLE, | : | No.  4:CV-05-1755 |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| LYCOMING COUNTY PRISON | : | |
| MEDICAL DOCTOR, ET AL., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

**November 8, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

The plaintiff, Keith E. Fleegle ("Plaintiff" or "Fleegle"), an inmate incarcerated at the Lycoming County Prison in Williamsport, Pennsylvania ("LCP"), proceeding *pro se,* initiated this civil rights actions pursuant to 42 U.S.C. § 1983 ("§ 1983") by filing a complaint in the United States District Court for the Middle District of Pennsylvania on August 29, 2005.  (See Rec. Doc. 1).  As per a September 2, 2005 Order, Magistrate Judge Thomas M. Blewitt directed Plaintiff to file an amended complaint regarding his Eighth Amendment denial of proper medical care claim based upon deficiencies contained in his original complaint. (Rec. Doc. 6).  On September 30, 2005, Plaintiff filed an amended complaint.

This case was referred to Magistrate Judge Blewitt for preliminary review. On October 6, 2005, Magistrate Judge Blewitt issued a report and recommendation within which he concluded that this case should be dismissed as Plaintiff has failed to state a cognizable claim under the Eighth Amendment against any Defendant. (See Rep. & Rec. at 12).

Objections to the Magistrate Judge's Report were due by October 24, 2005 and to date none have been filed. This matter is now ripe for disposition.

**STANDARD OF REVIEW**

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). When a district court accepts a magistrate judge's report, the report becomes the judgment of the court. Id.

**DISCUSSION:**

Our review of this case confirms Magistrate Judge Blewitt's determinations and well-reasoned analysis, and while we have not been presented with any reason to revisit them, we do reiterate the salient aspects of the Magistrate Judge's report.

In his amended complaint, Plaintiff names two Defendants, a medical doctor alleged to be an employee of LCP, Dr. Keenan, and the LCP. (Rep. & Rec. at 5). First, we are in agreement with the Magistrate Judge that the LCP is not a proper party Defendant in this action as it is well-settled that a prison is not a person within the meaning of § 1983. See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973); see also Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (E.D. Pa. 1976). Accordingly, all claims asserted against LCP are subject to dismissal.

Second, as Magistrate Judge Blewitt explained in his report, in order to state an Eighth Amendment claim, a prisoner must demonstrate that the Defendant was deliberately indifferent to his serious medical needs. Rep. & Rec. at 8; see Estelle v. Gamble, 429 U.S. 97, 106 (1976). We agree with the Magistrate Judge that Plaintiff does not allege deliberate indifference to a serious medical need by any specific prison employee, including Dr. Keenan. Plaintiff fails to allege that a named Defendant violated the Eighth Amendment by not providing needed medical care for his Hepatitis C condition. Instead, Plaintiff only asserts that Dr. Keenan told him that the prison will not treat him for Hepatitis C.

Finally, we are in agreement with the Magistrate Judge that the proper course of action is to dismiss Plaintiff's case on the basis of his failure to establish

the existence of actions by a named Defendant which have resulted in constitutional deprivations.  Any further amendment to Plaintiff's pleading would prove to be futile under the circumstances.  Rep. & Rec. at 11, n. 10; see also Forman v. Davis, 371 U.S. 178, 182 (1982).

Our review of this case confirms Magistrate Judge Blewitt's determinations and we have not been presented with any reason to revisit them.  Because we find no error in Magistrate Judge Blewitt's report and recommendation and because no objections have been filed, we will adopt it as our own.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Magistrate Judge Blewitt's Report and Recommendation (doc. 10) is adopted in its entirety.

2. Plaintiff's amended complaint is dismissed with prejudice.

3. The Clerk shall close the file on this case.

    s/ John E. Jones III
    John E. Jones III
    United States District Judge